696 A.2d 767

NEW JERSEY MANUFACTURERS INSURANCE COMPANY, PLAINTIFF–APPELLANT, v. LISA LONGO,[1] DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued July 1, 1997—Decided July 21, 1997.

</div>

---

[1] Defendant is the daughter and a covered person under a personal automobile insurance policy issued by plaintiff to her father.

Before Judges HAVEY and CUFF.

*William F. Hartigan, Jr.* argued the cause for appellant (*McLaughlin & Cooper,* attorneys; *Mr. Hartigan* on the brief).

*Richard J. Alphonse* argued the cause for respondent (*Stark & Stark,* attorneys; *Mr. Alphonse* on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

The issue presented by this appeal is whether a personal automobile insurer may impose an additional deductible and additional premium when an insured chooses his health insurance as a primary option pursuant to *N.J.S.A.* 39:6A–4.3, but a covered person under both policies (automobile and health) receives treatment from health care providers who did not participate with the insured's primary health care insurance program. Plaintiff New Jersey Manufacturers Insurance Company (NJM) appeals from an order denying its motion for summary judgment and declaring that it had no authority to impose an additional deductible of $750 and an additional premium. We reverse.

The facts are undisputed. NJM issued an automobile liability insurance policy to Donald Longo which was effective January 9, 1991 to January 9, 1992. Mr. Longo selected his private health insurer as the primary insurer for medical expenses arising from an automobile accident involving himself and his family members living in his household. In return, he received a twenty-five

percent reduction in his personal injury protection (PIP) benefits premium.

On December 3, 1991, defendant Lisa Longo, Mr. Longo's daughter and a resident of his household, was involved in an automobile accident. She alleges that she sustained injuries in this accident. She was driving a vehicle insured under her father's policy with NJM at the time of the accident.

Mr. Longo's primary health insurer was Aetna Health Plans of New Jersey, Inc. (Aetna). Aetna provides coverage for eligible medical services when care is ordered by an Aetna primary care physician or by a specialist within the Aetna network. Although there is no allegation that physicians in the Aetna network could not provide the medical services required by Ms. Longo, she obtained medical treatment from physicians outside of the Aetna network. Her claim for benefits through Aetna was denied.

Ms. Longo then sought PIP benefits through her father's NJM automobile policy. As required by statute, NJM paid those medical expenses incurred at the out-of-network providers, except for $27 which represented the PIP premium Ms. Longo's father would have paid if he had not selected Aetna as the primary health care insurer and a $750 deductible.

NJM's motion for summary judgment was denied. In her April 23, 1996 oral opinion, the motion judge found that Ms. Longo was eligible for health care benefits under the Aetna plan. She also found that the providers in the Aetna network could have provided the medical care required by Ms. Longo. Nevertheless, the motion judge concluded that neither the governing statute nor the implementing regulations authorize NJM to impose the additional premium or to apply the deductible.

The Legislature has long sought a means to contain the high cost of automobile insurance in this State. In 1990, the

Legislature enacted the Fair Automobile Insurance Reform Act of 1990, *L.* 1990, *c.* 8, which made significant changes to the law governing PIP benefits. One such change allowed an insured to designate his automobile insurer or his health insurance carrier as the primary source of benefits for medical benefits resulting from an automobile accident. This amendment, codified at *N.J.S.A.* 39:6A–4.3, provides:

> With respect to personal injury protection coverage provided on an automobile ... the automobile insurer shall provide the following coverage options:
>
> * * *
>
> d. For policies issued or renewed on or after January 1, 1991, the option that other health insurance coverage or benefits of the insured, including health care services provided by a health maintenance organization and any coverage or benefits provided under any federal or State program, are the primary coverage in regard to medical expense benefits pursuant to Section 4 of P.L.1972, c. 70 (C. 39:6A–4). If health insurance coverage or benefits are primary, an automobile insurer providing medical expense benefits under personal injury protection coverage, shall be liable for reasonable medical expenses not covered by the health insurance coverage or benefits up to the limit of the medical expense benefit coverage.

If the insured selects his private health insurance and submits proof that he and his household are covered by the private insurance, the insured is entitled to a discount not less than twenty-five percent from the regular PIP benefit premium. The statute then provides:

> If it is determined that an insured who selected or is otherwise covered by the option provided in subsection d. of this section did not have such health coverage in effect at the time of an accident, medical expense benefits shall be payable by the person's automobile insurer and shall be subject to any deductible required by law or otherwise selected as an option pursuant to subsection a. of this section, any copayment required by law and an additional deductible in the amount of $750.
>
> [*N.J.S.A.* 39:6A–4.3.]

Regulations adopted by the Commissioner of Insurance set forth those situations when an insurer may recover the premium discount and charge an additional deductible. *N.J.A.C.* 11:3–37.5(b) provides in pertinent part:

[I]f the automobile insurer determines that one or more of the insureds covered under the automobile insurance policy is not provided coverage by at least one of the health benefit plan(s) specified by the named insured, and, therefore, the named insured's premium reduction for PIP medical expense benefits will be eliminated.

*N.J.A.C.* 11:3–37.8(a)1 provides:

When, subsequent to the selection of the PIP-as-secondary coverage option by a named insured, it is determined that an insured did not have health coverage in effect at the time of an injury, or had health coverage in effect at the time of any injury which is such that the PIP-as-secondary coverage option selection could have been invalidated by the automobile insurer and elimination of the premium reduction amount effected in accordance with N.J.A.C. 11:3–37.5(a), but was not, then the insured shall be provided benefits for incurred medical expenses through the PIP medical expense provision.

1. Benefits payable shall be subject to a per accident deductible equalling the total of $750.00 plus the PIP deductible selected by the named insured of the policy.

NJM concedes that the plain language of the statute and the regulations does not cover this situation. It argues, however, that any other interpretation "undermin[e]s the legislative intent expressed in *N.J.S.A.* 17:33B–2(h)(1) and carve[s] a gaping hole in *N.J.S.A.* 39:6A–4.3(d) which the legislature never intended and which a reasonable interpretation of the statute does not require."

When construing a statute, the first consideration is the statute's plain language. *State v. Szemple,* 135 *N.J.* 406, 421, 640 *A.*2d 817 (1994); *Merin v. Maglaki,* 126 *N.J.* 430, 434, 599 *A.*2d 1256 (1992). On the other hand, we are enjoined to avoid an absurd result. *Marranca v. Harbo,* 41 *N.J.* 569, 574, 197 *A.*2d 865 (1964) (quoting *State v. Provenzano,* 34 *N.J.* 318, 322, 169 *A.*2d 135 (1961)). When the literal interpretation of the statute leads to a result contrary to the expressed intention of the legislation, we must endeavor to interpret the statute in conformity with the obvious legislative intent. *Young v. Schering Corp.,* 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995).

*N.J.S.A.* 17:33B–2 expresses the Legislature's findings and declarations concerning the automobile insurance reform initiative enacted in 1990. It stated:

The Legislature finds and declares that:

\* \* \*

d. It has become increasingly obvious to the Legislature and the public that, ... one of the principal goals of this common purpose [provision of an equitable, efficient comprehensive and economical program of indemnification] has not been attained: economy.

\* \* \*

g. ... automobile insurers are entitled to earn an adequate rate of return through the ratemaking process.

h. ... that it is in the public interest to:

(1) revise the basic options and coverages available under automobile insurance policies, including the option to make one's health insurance the primary source for payment of medical and hospital expenses.

[*N.J.S.A.* 17:33B–2.]

The focus of the Legislation is to provide insureds with an option which provides a direct and immediate benefit to the insured through lower automobile insurance premiums. However, the benefit of such an option is not one-sided. The insurers also receive a direct benefit which relieves them of most, if not all, responsibility for medical expenses for insureds who have selected this option. The reduction in an insurer's actual costs and its exposure to medical expense responsibility allows it to reduce the premium paid by the insured.

Once we recognize the interrelationship between the insured's selection of the option of utilization of his private health insurance and the ability of the insurer to contain costs and pass along its savings to its insured, the wrongness of the interpretation afforded the statute is apparent. *N.J.S.A.* 39:6A–4.3(d) addresses the situation where the condition precedent to election of the option did not exist or lapsed by the time of the accident. We see no functional difference between the person who has no health insurance in effect at the time of the accident and the person who selects his private health insurance and then disregards that selection. Although in the latter instance the private health insurance is in effect, the insured by his own actions has rendered the benefits of that insurance ineffective. Both have received the premium reduction. Furthermore, once each received PIP bene-

fits, there is no rational basis to distinguish between them in the application of the $750 deductible. Although insureds in defendant's situation are eligible to initially select the option, they are in no different situation when they disregard that selection and proceed as if they had never made a choice and received the monetary benefits flowing from it.

Moreover, assessment of the additional premium and application of the PIP deductible is implicit in the entire statutory scheme. As noted, the legislatively authorized option is an interrelated cost-savings and cost-containment plan. An insured is entitled to the premium reduction only if the insured selected the option and acts in accordance with that selection.

Reversed.